UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN M. HITCHCOCK, III,

  Petitioner,

 Case No. 4:06-CV-13551
 HON. PAUL V. GADOLA
 UNITED STATES DISTRICT COURT

v.

ANDREW JACKSON,

  Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Allen M. Hitchcock, III, ("Petitioner"), presently confined at the Mound Road Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction on six counts of first-degree criminal sexual conduct, M.C.L.A. 760.520b(1)(a); two counts of third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(a); and one count of disseminating sexually explicit material to a minor, M.C.L.A. 722.675. For the reasons stated below, the petition for writ of habeas corpus will be **DENIED**.

### I. Background

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court.

Petitioner has provided a detailed statement of facts in his petition for writ of habeas corpus and in the large number of exhibits that he has attached to his petition. Respondent has likewise provided a detailed factual summary of the case, which does not essentially conflict with Petitioner's statement of facts. The Court will accept the factual allegations contained within the habeas

1

petition insofar as they are consistent with the record because the Respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). Because the facts of this case have been repeated numerous times, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. *See Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997). This Court will therefore merely recite verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> During the summer and early fall of 1996, two girls claimed they were sexually assaulted multiple times by defendant, the maintenance supervisor of their apartment building in Detroit. The younger victim was eleven years old at the time of the assaults and the other victim was eighteen years old, but was mentally impaired.
>
> *People v. Hitchcock,* No. 209511, * 1 (Mich. Ct. App. May 2, 2000).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 463 Mich. 921; 619 N.W. 2d 546 (2000). Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Hitchcock,* No. 96-9459-01 (Wayne County Circuit Court, October 19, 2004). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Hitchcock,* No. 259351 (Mich. Ct. App. Aug. 16, 2005); *lv. den.* 475 Mich. 867; 714 N.W. 2d 305 (2006).

Petitioner has now filed a one hundred and eighteen page petition for writ of habeas corpus, along with numerous exhibits, in which he seeks habeas relief on the grounds that he raised in the state courts on direct and post-conviction review: [1]

---

[1] For judicial clarity, the Court will delineate petitioner's claims in the same manner that respondent did in her answer to the petition.

Part I (Claims of Direct-Appeal).
[1] Newly Discovered Evidence (Minor's Diary)
[2] Ineffectiveness of Trial Counsel (Expert & Lay Witnesses)
[3] Insufficient Evidence to Convict

Part II (Claims as to Motion for Relief from Judgment)
[4] Civil Trial Transcripts (Based upon such Touches on Innocence)
[5] Prosecutor's Work Product (Based Subsequent Testimony)
[6] New Trial (Various of Reasons, Based upon Subsequent Testimony)
[7] In-Correctness in Sentence/Record
[8] Examination of Male Organism Erected
[9] Appointment of Counsel
[10] Evidentiary Hearing
[11] Expansion of the Record

Part III (Amended Claims to Judgment Relief Motion)
[12] Severance (Obscene Material Claims/Charge from CSC Claims)
[13] Tainted Evidence Presented at Trial (Obscene Material Claims)
[14] Ineffective Assistance of Trial Counsel
    a. Failing to Object/Move for Mistrial (Tainted evidence)
    b. Failing to Move for Severance of Its Claims
    c. Failing to Move for Bill of Particulars
    d. Failing to Recall Minor and Her Mother
    e. Failing to Present Facts, Evidence, and on Issues
    f. Failing to Object to Improper Questioning
    g. Cumulative Effect of Trial Counsel's Error

[15] Ineffective Assistance of Appellate Counsel
    a. Failure to Correctly Argue Claims on Direct-Appeal
        1. Matter as to material of minor's diary
        2. Matter as to trial counsel's failure to call expert
        3. Matter as to calling Petitioner's girlfriend
    b. Pursuing Frivolous Claim (Ignoring a significant one)
    c. Omitting Claims Raised in Judgment Relief Motion

Part IV (Other Claims Raised on Collateral Attack)
[16] Call for Recusal of Trial Judge in Post-Appeal Matters
    a. Being the Initial Fact-Finder
    b. Being a Party in Action Brought by Petitioner
    c. Should have Sua Spontaneous Disqualified Herself

[17] Ex Parte Hearing in Post-Conviction Motion
    a. W/out Petitioner Being Present
    b. W/out Counsel for Petitioner Being Present or Appointed

      c. Non-notification of Adversary's Position

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## III. Discussion.

**A. The motion for respondent to file additional Rule 5 materials.**

Petitioner has filed a motion for the Respondent to furnish additional Rule 5 materials which she failed to provide to the Court when she filed the answer to the petition for writ of habeas corpus. In reviewing this Court's docket entries, it appears that the Respondent failed to

provide a copy of the trial transcript and the transcript from the evidentiary hearing conducted on Petitioner's ineffective assistance of counsel claim conducted pursuant to *People v. Ginther,* 390 Mich. 436, 443; 212 N.W.2d 922 (1973). However, the Respondent has provided this Court with the entire record from Petitioner's direct appeals and post-conviction proceedings, including the various appeal and post-conviction briefs and motions. In addition, Petitioner has attached to his petition over six hundred and fifty pages of exhibits from the trial court level, direct appeal, and the state post-conviction proceedings, including various briefs and motions filed on his behalf both by counsel and *pro per,* all of which provide extensive factual summaries of the case.

A district court is not required to examine transcripts before disposing of a claim where a habeas petitioner's arguments are "readily susceptible to resolution without resort to the transcript." *See Love v. Butler*, 952 F. 2d 10, 15 (1st Cir. 1991). In *Love*, the First Circuit held that it was not error for the district court to dispose of the habeas petition without reviewing the trial transcripts, where the district court had before it the parties' briefs, the relevant state court decisions, a copy of an unsuccessful application for further appellate review, and certain grand jury minutes. *Id.* at 15. Other cases have reached a similar result. *See Maynard v. Dixon,* 943 F. 2d 407, 411 (4th Cir. 1991)(district court did not err in entering summary judgment in habeas corpus case without formally submitted transcript where although court lacked full transcript, it had access to relevant portions of the transcript since they were included in the habeas petition, those excerpts included references to transcript pages, and the habeas petition had been certified as true); *Cole v. New Mexico,* 58 Fed. Appx. 825, 828 (10th Cir. 2003)(record was adequate without transcript of additional state proceedings to determine whether habeas petitioner procedurally defaulted in state court by failing to file timely writ of certiorari from state postconviction ruling; record included

copies of judgment and sentence, appellate briefs, decision on direct appeal, state court postconviction petition and summary dismissal of that petition); *David v. Lavinge,* 190 F. Supp. 2d 974, 986, n. 5 (E.D. Mich. 2002)(district court quoted the lengthy state court analysis in full because the analysis thoroughly explained the petitioner's claim and because portions of the trial transcript quoted by the state court were missing from the record before the court).

In this case, this Court is willing to incorporate the arguments raised in Petitioner's state appellate court and post-conviction briefs as being part of Petitioner's application for writ of habeas corpus. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2 (E.D. Mich. 2004). Moreover, because Petitioner does not quarrel with the factual findings made by the Michigan Court of Appeals in affirming Petitioner's conviction on direct review and does not give the Court any reasons why it would benefit from reviewing the additional Rule 5 materials, it is unnecessary for the court to order the production of the additional Rule 5 materials in this case. *See Clark v. Waller,* 490 3d 551, 555-56 (6th Cir. 2007); *cert. den.* 128 S. Ct. 630 (2007).

**B. Claim # 1. The newly discovered evidence claim.**

Petitioner first claims that he is entitled to habeas relief based on newly discovered evidence of the diary of one of the victims, which he claims would establish his innocence.

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id.. See also Hence v. Smith*, 37 F. Supp.2d 970, 980 (E.D. Mich. 1999). Freestanding claims of actual innocence are not cognizable on federal habeas

6

review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F. 3d 844, 854-55 (6th Cir. 2007)(collecting cases).

Moreover, the Supreme Court's subsequent decision in *House v. Bell*, 547 U.S. 518 (2006) does not alter this Court's adjudication of Petitioner's first claim, as the Supreme Court again in that case declined to resolve whether a habeas petitioner may bring a freestanding claim of actual innocence. *Id.* at 554-55. Although the Supreme Court in *House* noted that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim," *id.* (*quoting Herrera,* 506 U.S. at 417), the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus outside of the death-penalty context. Petitioner is therefore is not entitled to relief for his first claim under available Supreme Court precedent. *See Wright v. Stegall*, 247 Fed. Appx. 709, 711 (6th Cir. 2007).

**C. Claim # 2. The ineffective assistance of counsel claims.**

Petitioner next contends that he was deprived of the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first claims that his defense counsel was ineffective for failing to call a medical expert to testify about the lack of any medical evidence of any sexual abuse or trauma found on the

7

victims, in order to argue that the victims' physical conditions were inconsistent with being sexually assaulted.

In the present case, counsel elicited from the treating doctor the fact that there were no medical signs of sexual abuse on the victims. Defense counsel cross-examined the doctor about this lack of evidence and was able to elicit an admission from the doctor that he would expect to find some physical evidence of sexual abuse in these circumstances. Counsel relied on the doctor's testimony concerning the lack of medical evidence of sexual abuse as support of Petitioner's innocence in his closing argument. *Hitchcock,* Slip. Op. at * 3-4.

In light of the fact that counsel elicited testimony from the treating physician that there were no signs of sexual abuse or trauma on either victim, Petitioner has failed to show that he was prejudiced by counsel's failure to call an expert witness to testify on this issue. *See*, *e.g.*, *Malcum v. Burt,* 276 F. Supp. 2d 664, 681-82 (E.D. Mich. 2003)(petitioner failed to establish actual prejudice from counsel's failure to call sexual assault victim's treating physician as witness to bolster defense that victim was not sexually assaulted; prosecution and defense stipulated to admission of medical reports and sexual assault form which indicated the absence of any oral, perineal, or genital trauma, debris, or discharge as to victim, defense counsel argued at trial that medical reports contradicted victim's testimony, and petitioner did not indicate what additional information physician could have provided to jury).

Petitioner next contends that his counsel was ineffective for failing to call his girlfriend, Crystal Toth, as a witness. Petitioner contends that Toth would have provided exculpatory evidence on his behalf. Petitioner, however, has offered, neither to the Michigan courts or to this Court, any evidence beyond his own assertions as to what Toth's testimony would have been. In

the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call Toth as a witness so as to support his ineffective assistance of counsel claim. *Clark,* 490 F. 3d at 557. Petitioner is not entitled to habeas relief on his second claim.

### D. Claim # 3. The great weight of the evidence claim.

Petitioner next contends that the jury's verdict went against the great weight of the evidence. A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised. *Cukaj,* 305 F. Supp. 2d at 796. The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there was sufficient evidence to convict Petitioner of these crimes, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.*

To the extent that Petitioner is challenging the sufficiency of evidence, he would not be entitled to habeas relief. A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The scope of review in a federal habeas proceeding challenging the sufficiency of evidence in a state criminal prosecution "is extremely limited and

a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). Finally, a habeas court does not substitute its own judgment for that of the finder of fact. *See Alder v. Burt,* 240 F. Supp. 2d 651, 661 (E.D. Mich. 2003).

Under Michigan law, a person is guilty of first-degree criminal sexual conduct if he or she engages in sexual penetration of another person and the other person is under 13 years of age. *See Greenwell v. Elo,* 77 Fed. Appx. 790, 792 (6th Cir. 2003)(*citing* M.C.L. 750.520b(1)(a)). Under Michigan law, a person is guilty of third-degree criminal sexual conduct if he engages in sexual penetration and "knows or has reason to know that the victim is mentally incapable, mentally incapacitated, or physically helpless." *See Ahlers v. Schebil,* 994 F. Supp. 856, 873 (E.D. Mich. 1998)(citing M.C.L. 750.520d(1)(c)). To prove a charge of disseminating sexually explicit material to minors, the prosecution is required to prove that the defendant disseminated to one of the victims sexually explicit visual material that is harmful to minors. *See* M.C.L. 722.675.

Petitioner does not contend that the testimony, if believed, fails to establish that the elements of the crimes had been proven beyond a reasonable doubt. Instead, Petitioner contends that the prosecution's witnesses were not credible. A court that reviews a sufficiency of evidence claim does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "[D]etermination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review." *Alder,* 240 F. Supp. 2d at 661. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility

of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

Additionally, the fact that the testimony concerning the sexual assaults was uncorroborated does not render the evidence in this case insufficient. The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. *See United States v. Howard,* 218 F. 3d 556, 565 (6th Cir. 2000)(*citing Gilbert v. Parke,* 763 F. 2d 821, 826 (6th Cir. 1985). Petitioner is not entitled to habeas relief on his third claim.

**E. Petitioner's remaining claims are procedurally defaulted.**

Respondent contends that Petitioner's remaining claims are procedurally defaulted because Petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). A petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. *Id.* at 85. In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar.

M.C.R. 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal,

11

absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

In the present case, the Wayne County Circuit Court denied Petitioner's post-conviction motion, finding that he had failed to establish good cause, as required by M.C.R. 6.508(D)(3)(a), for failing to raise these claims in his appeal of right. *See People v. Hitchcock,* No. 96-9459-01, Slip. Op. at * 4-5. The Michigan appellate courts denied petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Under the circumstances, the Michigan courts clearly invoked the provisions of M.C.R. 6.508(D)(3) to procedurally bar Petitioner's claims. *See e.g. Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005).

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default.[2] Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the

---

[2] Petitioner also raises ineffective assistance of appellate counsel as a distinct habeas claim. For the reasons that follow, however, habeas relief is not warranted on such a claim.

Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 753 (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002)(internal quotations omitted). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003)(internal citations omitted).

Petitioner has failed to show that by omitting the claims presented in his subsequent motion and amended motion for relief from judgment appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel filed a thirty three page brief which raised three claims on direct appeal. Appellate counsel also filed two motions for a new trial. Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising other claims was deficient or unreasonable so as to amount to cause that would excuse any default. *See Grant v. Rivers,* 920 F. Supp. 769, 782 (E.D. Mich. 1996). Moreover, because the defaulted claims are not "dead bang winners", Petitioner has failed to establish cause for his procedural

default of failing to raise all of his claims on direct review. *See United States v. Stanfiel,* 4 Fed. Appx. 691, 693 (10th Cir. 2001); *Meade,* 265 F. Supp. 2d at 872.

This Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000). Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Petitioner has made no such showing. Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum,* 276 F. Supp. 2d at 677. Although Petitioner has also presented some evidence which could impeach the testimony of the younger victim and her mother, impeachment evidence is also insufficient to justify invoking the fundamental miscarriage of injustice exception to the procedural default rule. *Id. See also Harris v. Stegall,* 157 F. Supp. 2d 743, 750-51 (E.D. Mich. 2001). His remaining claims are thus barred by procedural default and do not warrant relief.

The Court will also deny Petitioner's pending motion to amend his habeas petition to add a claim that the victims' mother committed perjury at his trial. This claim was also presented for the first time on post-conviction review and was likewise rejected by the Michigan courts because of Petitioner's failure to show cause for failing to raise this claim on direct review. Because Petitioner's perjury claim is also procedurally defaulted pursuant to M.C.R. 6.508(D)(3), it would be futile to allow Petitioner to amend his habeas petition to add this defaulted claim. Accordingly,

the Court will deny Petitioner's motion to amend his habeas petition. *See Wiedbrauk v. Lavigne,* 174 Fed.Appx. 993, 1001 (6th Cir. 2006).

Finally, to the extent that Petitioner challenges various alleged irregularities with the adjudication of his post-conviction motion, he would not be entitled to habeas relief.

This Court notes that "[t]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress,* 484 F. 3d at 853. Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Penn. v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and. . . the traditional function of the writ is to secure release from illegal custody.' " *Kirby v. Dutton*, 794 F. 2d 245, 246 (6th Cir. 1986)(*quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] . . . release or a reduction in. . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F. 3d at 853 (*quoting Kirby*, 794 F. 2d at 247). Thus, the " 'scope of the writ' " does not encompass a " 'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F. 3d at 853 (*quoting Kirby*, 794 F.2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted).

### F. A Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if Petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be

frivolous. The Court will therefore deny a certificate of appealability. *See Long,* 450 F. Supp. 2d at 755. The Court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Hence*, 49 F. Supp. 2d at 549.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry #1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion to amend the petition [docket entry #25] is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be denied leave to appeal *in forma pauperis.*

**SO ORDERED.**

Dated:  June 20, 2008 　　　　　　　　　　　　s/Paul V. Gadola
　　　　　　　　　　　　　　　　　　　　　　　　　HONORABLE PAUL V. GADOLA
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   June 20, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Brian O. Neill, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Allen M. Hitchcock, III   .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845