UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN M. HITCHCOCK, III,

    Petitioner,

Case No. 4:06-CV-13551
HON. PAUL V. GADOLA
UNITED STATES DISTRICT COURT

v.

ANDREW JACKSON,

    Respondent,
_____/

## ORDER GRANTING MOTION TO ENLARGE FILING; DENYING A CERTIFICATE OF APPEALABILITY; AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL

On June 20, 2008, the Court denied the Petition for Writ of Habeas Corpus of Allen M. Hitchcock, III, ("Petitioner"). Presently before the Court is Petitioner's motion for a Certificate of Appealability and the related motion to enlarge the page limit for a brief and application to proceed in forma pauperis.

As an initial matter, the Court notes that Petitioner's motion to enlarge the page limit for a brief requests that he be allowed to exceed the 20-page limit for briefs, *see* E.D. Mich. LR 7.1(c)(3), by 47 pages. The Court finds this request to enlarge the permitted filing by nearly two and a half times the permitted length to be unreasonable. However, in the interest of expediency and completeness, the Court has considered the entire brief filed by Petitioner and, therefore, will grant the motion to enlarge.

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if Petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). The Court must either issue a certificate of appealability

1

indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the Courts June 20, 2008 order denying the Petition for Writ of Habeas Corpus, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a Certificate of Appealability. *See Long,* 450 F. Supp. 2d at 755. The Court will also deny Petitioner leave to appeal in forma pauperis because the appeal would be frivolous. *Hence*, 49 F. Supp. 2d at 549.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion to Enlarge [docket entry #35] is granted.

**IT IS FURTHER ORDERED** that Petitioner's Motion for a Certificate of Appealability [docket entry #36] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's application for leave to appeal in forma pauperis [docket entry #37] is **DENIED**.

**SO ORDERED.**

Dated: September 11, 2008

s/Stephen J. Murphy, III for
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on September 11, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Brian O. Neill , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Allen M. O. E. Hitchcock, III .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845